IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CHEVERLY YULAINE GORDON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 3:13-CV-11 (CAR) |
| | : | |
| YMCA ECDC OF ATLANTA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

*Pro se* Plaintiff Cheverly Yulaine Gordon brings this action against her former employer, Defendant Early Childhood Development Company, LLC,[1] pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").[2]  Presently before the Court is Defendant's Motion for Judgment on the Pleadings.  Having considered the pleadings, the parties' arguments, and relevant legal authority, Defendant's Motion [Doc. 28] is **GRANTED**.  This case is **DISMISSED with prejudice**.

---

[1] Defendant is misidentified as "YMCA ECDC of Atlanta" in the Amended Complaint. Am. Compl., ¶ 2 [Doc. 10].

[2] In its February 15, 2013 Order, the Court directed Plaintiff to clarify her intent to pursue any additional claims under the Employee Retirement Income Security Act of 1975 ("ERISA"), 29 U.S.C. §§ 1002 *et seq.*  February 15, 2013 Order, pp. 3-4 [Doc. 9].  In her Amended Complaint, Plaintiff asserts that wrongful "implementation" of her retirement benefits merely "supports" her Title VII action.  Am. Compl., ¶ 9.  The Court will not *sua sponte* raise a claim Plaintiff has no intention to pursue.  *See GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 610 F.3d 701 (11th Cir. 2009) (noting that a court does not have "license to serve as *de facto* counsel for a party).

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings" pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."[3] Thus, the standard of review for a motion for judgment on the pleadings is "almost identical to that used to decide motions to dismiss."[4]

When considering a motion for judgment on the pleadings, the Court must view must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff, the non-movant.[5] However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations."[6] A complaint will survive judgment on the pleadings if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]

As a *pro se* litigant, Plaintiff's pleadings are held "to a less stringent standard

---

[3] *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (internal quotation omitted).
[4] *Doe v. Bd. of Cnty. Comm'rs*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992).
[5] *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).
[6] *Long v. Fulton Cnty. Sch. Dist.*, 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011) (internal quotation omitted).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

than formal pleadings drafted by lawyers."[8]  Nevertheless, Plaintiff's *pro se* status "does not exempt [her] from compliance with relevant rules of procedural and substantive law."[9]

## BACKGROUND

Plaintiff was employed as a Lead Teacher at Defendant's Morgan County Head Start Program in Madison, Georgia, before she was terminated on or about May 2012.[10] Sometime in July of 2012, Plaintiff submitted a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC").[11]  In her charge, Plaintiff alleged that (1) she was denied a position as a Family Community Partnership Specialist in December 2011; (2) she complained to Assistant Director of Operations Dell Morgan (African American) and Regional Manager Paulette Harris (African-American); and (3) she was terminated on May 31, 2012.[12]  Plaintiff received a dismissal and notice of rights letter on January 29, 2013.[13]

On January 16, 2013, Plaintiff filed a Complaint in this Court alleging Defendant discriminated against her on the basis of her race and "dislike for my uniqueness,

---

[8] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[9] *Hillemann v. Univ. of Cent. Fla.*, 411 F. Supp. 2d 1354, 1358-59 (M.D. Fla. 2004), *aff'd* 167 F. App'x 747 (11th Cir. 2006) (internal quotation omitted).
[10] *See* Am. Compl., ¶¶ 1-2, 5.  Plaintiff does not identify her own race in her pleadings. However, Defendant identifies Plaintiff as African-American in the instant Motion.
[11] Am. Compl., ¶ 11.
[12] Charge, Ex. 1 [Doc. 1-1].
[13] Am. Compl., ¶ 11; Dismissal Letter [Doc. 1-1, p. 1].

education expertise, genetic information, [and] geographical background."[14]  On February 15, 2013, the Court notified Plaintiff that her Complaint did "not provide sufficient factual detail … to allow this Court to properly evaluate her claims."[15]  Rather than dismissing her Complaint outright, however, the Court granted Plaintiff an opportunity to amend her complaint.[16]  Plaintiff filed her Amended Complaint on February 22, 2013.[17]

In her Amended Complaint, Plaintiff asserts that Defendant discriminated against her based on her race and "geographic location."[18]  She explains that another individual, Tammy Mullins, also interviewed for the Family Community Partnership Specialist position and was offered a second interview.  Plaintiff does not identify Mullins' race.  Like Plaintiff, Mullins was not hired for the position.  However, Regional Manager Paulette Harris (African-American) later approached Mullins and encouraged her to apply for a one-year grant position, which she later obtained.  Harris did not encourage Plaintiff or otherwise inform her of this job opportunity.

Plaintiff also alleges that wrote a letter to Defendant's CEO, Assistant Director of Operations Dell Morgan (African American), and Harris about her direct supervisor, Center Supervisor Joy Murray (White).  Plaintiff contends Murray was "unjust and

---

[14] Compl., ¶ 6 [Doc. 1].
[15] February 15, 2013 Order, p. 2 [Doc. 9].
[16] *Id.* at 3.
[17] Am. Compl. [Doc. 10].
[18] *Id.* at ¶¶ 6, 9.

unfair" and had been "harassing" her.[19]  In response to the letter, Defendant interviewed both Plaintiff and Murray and later promoted Murray to Center Manager.

Finally, Plaintiff points to other incidents not included in her original EEOC charge: (1) she experienced numerous turnovers with assistant teachers from August 2008 through May 2012; (2) she was suspended without pay for three days during the 2007-2008 school year; (3) she referred students with suspected disabilities, which were not acted on by Defendant; and (4) Defendant "improperly implemented" her wages.[20]

## DISCUSSION

Defendant contends Plaintiff's claims should be dismissed because (1) she failed to exhaust her administrative remedies; and (2) she fails to state a claim upon which relief can be granted.  The Court assumes, *arguendo*, that Plaintiff properly exhausted her administrative remedies and dismisses her Amended Complaint for failure to state a claim.

### I.   Discrimination Claims

Title VII prohibits employers from discharging or otherwise discriminating against an individual "because of such individual's race, color, religion, sex, or national origin."[21]  To successfully assert a Title VII claim, the plaintiff must allege facts that are

---

[19] *Id.* at ¶ 9.
[20] *Id.*
[21] 42 U.S.C. § 2000e-2(a)(1).

"sufficient to create an inference of discrimination."[22]  A plaintiff may create an inference of discrimination by alleging the following elements of a prima facie case under Title VII: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by an individual outside her protected class or was treated less favorably than a similarly-situated individual outside her protected class.[23]

As an initial matter, the Court dismisses Plaintiff's discrimination claims based on her "geographic location," which is not is not a protected category under Title VII.[24] Moreover, Plaintiff's remaining factual allegations fail to create an inference of discrimination that is plausible on the face of her Amended Complaint.  Specifically, Plaintiff does not allege that she was replaced by someone outside her protected class, and she has not identified a single similarly-situated comparator who received more favorable treatment.  For example, Plaintiff does not identify who was promoted to Family Community Partnership Specialist after she and Tammy Mullins applied for the position.  In fact, Plaintiff does not even specify whether Mullins, who received a separate one-year grant position, is outside of Plaintiff's protected class.  The Court cannot divine the answer from Plaintiff's deficient allegations.

---

[22] *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (quoting *Holifeld v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997)) (internal quotation marks omitted).
[23] *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003).
[24] Am. Compl., ¶¶ 6, 9.

The Court recognizes that a plaintiff's failure to allege a prima facie case for race discrimination does not automatically doom her case.[25] However, Plaintiff does not plead "enough facts to state a claim for relief that is plausible on its face."[26] Without more, Plaintiff's discrimination claims must be dismissed.

## II.    Retaliation Claim

Title VII's anti-retaliation provision prohibits employers from discriminating against an employee because he opposed a discriminatory employment practice or participated in EEOC proceedings.[27] To establish a Title VII retaliation claim, a plaintiff must show that (1) she engaged in protected activity; (2) she suffered an adverse employment action by the employer simultaneously or subsequent to such opposition or participation; and (3) a causal connection exists between the protected activity and the adverse employment action.[28]

Like her discrimination claims, Plaintiff's retaliation claim is insufficiently pled. The only plausible factual allegation in the Amended Complaint that could relate to a retaliation claim is Plaintiff's assertion that she wrote a letter Defendant's management informing them that "Ms. Joy [Murray] was harassing me."[29] Assuming, *arguendo*, that this allegation establishes Plaintiff engaged in protected activity, she fails to plead the

---

[25] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).
[26] *See Twombly*, 550 U.S. at 547; *accord Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).
[27] 42 U.S.C. § 2000e-3(a).
[28] *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).
[29] Am. Compl., ¶ 9.

remaining components of a prima facie case of retaliation, including, most significantly, that Defendant took adverse employment action against her in retaliation for writing this letter.[30]  Plaintiff's singular, vague allegation is insufficient to state a claim for retaliation under Title VII and must be dismissed.

## CONCLUSION

Based on the foregoing, Defendant's Motion for Judgment on the Pleadings [Doc. 28] is **GRANTED**, and Plaintiff's action is **DISMISSED with prejudice**.

**SO ORDERED**, this 9th day of April, 2014.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP

---

[30] *See Quering v. Bank of Fla. Corp.*, No. 2:08-CV-627-FtM-29DNF, 2009 WL 1308610, at *3 (M.D. Fla. May 11, 2009).